# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:11-cv-00064

| | |
|---|---|
| JOY NEWSOME, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| THOMPSON CHILD & FAMILY ) | |
| FOCUS; KRIS PARKER, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court upon Defendants' Motion to Compel Deposition Testimony of Plaintiff and for Sanctions. [D.I. 17].

The Court has reviewed the relevant briefing. Defendants establish that Plaintiff's refusal to answer basic questions, without providing a legitimate objection, in her deposition and Plaintiff's improper unilateral termination of her deposition were improper. Accordingly, the Court compels Plaintiff to attend and provide testimony at a rescheduled deposition to take place on or before December 15, 2011.

The Court is not convinced that Plaintiff should be sanctioned in accordance with Rules 30(d)(2) and 37(a)(5)(A) of the Federal Rules of Civil Procedure in the total amount of $1,411.35. The Federal Rules of Civil Procedure allow the discovery of any "non privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). If an opposing party, in this case the Plaintiff, fails to answer a deposition question, Rule 37(a)(3)(B)(i) authorizes the other party, in this case the Defendants, to file a motion to compel. If the motion is granted, "the court must... require the party... whose conduct necessitated the motion... to pay

the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, "the court must not order this payment if... other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). The Court finds that an award of expenses at this juncture would be unjust because Plaintiff is pursuing this matter *pro se* and Plaintiff is unlikely to be able to pay the sanctions requested. Accordingly, Defendants' request that Plaintiff be sanctioned in the total amount of $1,411.35 is DENIED. Plaintiff, however, is advised that her Complaint may be dismissed with prejudice if she again fails to participate in and answer questions, without substantial justification, at a properly-noticed deposition.

**IT IS, THEREFORE, ORDERED THAT:**

1. Plaintiff shall attend and provide testimony at a rescheduled deposition on or before **December 15, 2011.**

2. Defendants' request for sanctions against Plaintiff in the amount of $1,411.35 is **DENIED.**

3. Plaintiff is advised that her Complaint may be dismissed with prejudice if she again fails to participate in and answer questions, without substantial justification, at a properly-noticed deposition.

**SO ORDERED**.

Signed: October 5, 2011

Graham C. Mullen
United States District Judge